```
             IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                         DIVISION OF ST. CROIX
```

**FRANK HUGHLEY,**                          ) D.C. CV. NO. 2010-076
    Plaintiff,                       )
                                     )
    v.                               )
                                     )
**GOVERNOR OF THE VIRGIN ISLANDS,**         )
**JOHN P. DeJONGH, JR.;**                   )
**DIRECTOR OF PRISONS, JULIUS WILSON;**     )
**WARDEN, KEITH FRANCOIS;**                 )
**GLENN BROWN;**                            )
    Defendants.                      )
_____  )

## O R D E R

**THIS MATTER** comes before the Court for *sua sponte* review of Plaintiff Frank Hughley's ("Hughley") *pro se* motion for injunction pursuant to Federal Rule of Criminal Procedure 65, and the Criminally Influenced and Corrupt Organizations Act ("CICO"), V.I. CODE ANN. tit. 14, § 607(a) which provides:

> **§ 607. Civil remedies**
>
> (a) The Attorney General, or any aggrieved person, may institute civil proceedings against any person in the Superior Court or United States District Court in order to obtain relief from conduct constituting a violation or in order to prevent or restrain a violation of any provision or provisions of section 605 [Violations] of this chapter. If the plaintiff in such a proceeding proves the alleged violation by a preponderance of the evidence, the trial court may, after making due provision for the rights of innocent persons, grant relief by entering any appropriate order or judgment, including, but not limited to:
>     (1) ordering any defendant to divest himself of any interest in any enterprise, or in any real property;
>     (2) imposing reasonable restrictions upon the future activities or investments of any defendant,

*Hughley v. Governor DeJongh, et al.*
D.C. CV. NO. 2010-076
Order
Page 2

>    including prohibiting any defendant from engaging in the same type of endeavor as the enterprise in which he was engaged in violation of section 605 [Violations];
>        (3) ordering the dissolution or reorganization of any enterprise;
>        (4) ordering the suspension or revocation of any license, permit, or prior approval granted to any enterprise by any agency of the Territory; or
>        (5) ordering the surrender of the certificate or charter of a corporation organized under the laws of the Territory of the United States Virgin Islands or the revocation of a certificate authorizing a foreign corporation to conduct business within the Territory of the United States Virgin Islands upon finding that the board of directors or a managerial agent acting on behalf of the corporation, in conducting the affairs of the corporation, has authorized or engaged in conduct made unlawful by section 605 [Violations] and that, for the prevention of future criminal conduct, the public interest requires that the charter of the corporation be surrendered and that the corporation be dissolved or the certificate revoked.
>        (6) None of the above provisions shall be held to limit the existing equitable powers of the trial court.

14 V.I.C. § 607(a).

Hughley filed a motion for injunction against Defendants for alleged misuse, misrepresentation and misappropriation of funds of the Prisoners' Account system.  He generally alleges a systemic abuse of inmates' financial statements, illegal cuts in inmate pay, price gouging of consumer products, and embezzlement of approximately $15,000.00 of monies appropriated for commissary expenses.  Hughley also argues that the commissary is poorly stocked and regularly closed.

Having reviewed the record, the Court finds that Hughley's

*Hughley v. Governor DeJongh, et al.*
D.C. CV. NO. 2010-076
Order
Page 3

claim, brought pursuant to 14 V.I.C. 607(a), does not arise under federal law, and there is no indication of diversity of citizenship. Moreover, although Hughley uses Fed. R. Civ. P. 65(a) as the vehicle to bring this motion for injunction, it is axiomatic that the Federal Rules of Civil Procedure do not provide an independent basis for subject matter jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) (citing Fed. R. Civ. P. 82 to support its holding that procedural rules provide no independent basis for subject matter jurisdiction); *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Therefore, this Court lacks subject matter jurisdiction to hear Hughley's claim.

It is also noteworthy that Hughley, who is no stranger to this Court,[1] has taken no steps to advance this matter since its filing. To date, he has neither paid a filing fee; sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, nor shown proof of service of the motion for injunction upon Defendants as required by Federal Rule of Civil Procedure 4(c), (m), and (j)(2).

The premises considered, it is hereby

---

[1]   Hughley's previous filings in the District Court of the Virgin Islands:
1) CV 2007-075          6) CV. 2006-037
2) CV 2006-110          7) CV. 2004-018
3) CV. 2006-063         8) MISC. 2003-026
4) CV. 2005-012         9) CV. 2003-048
5) CV. 2005-008         10) CR. APP. 1996-014

*Hughley v. Governor DeJongh, et al.*
D.C. CV. NO. 2010-076
Order
Page 4

    **ORDERED** that Hughley's motion for injunction pursuant to 14 V.I.C. § 607(a) is **DISMISSED** for lack of jurisdiction; and further

    **ORDERED** that the Clerk of the Court shall **CLOSE** this file.

    **DONE AND SO ORDERED** this <u>20</u> day of September 2011.

                              **E N T E R:**

                              /s/ Raymond L. Finch
                            _____
                            **RAYMOND L. FINCH**
                            **SENIOR DISTRICT JUDGE**

**Copy to:**
    Frank Hughley, Golden Grove Adult Correctional Facility, Rural Route 1, Kingshill, VI 00851 (Please Mark:  "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")